UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LUISA FISCO | Civil Action No. 11-3855 (PGS) |
| Plaintiff, | |
| v. | |
| LAMPLIGHT FARMS, INC. et al | MEMORANDUM OPINION AND ORDER |
| Defendants. | |

This matter comes before the Court on Plaintiff Luisa Fisco's Motion to Reinstate the Complaint [dkt. no. 5]. This action was previously dismissed without prejudice by the Honorable Peter G. Sheridan, U.S.D.J., in accordance with Local Civil Rule 41.1 [dkt. no. 4]. Defendant Target Corporation ("Target") has opposed the Motion [dkt. no. 10]. For the reasons set forth below, Plaintiff's Motion is **DENIED**.

I.   INTRODUCTION

The procedural history of this case is well known to the parties and need not be recited here at length. Briefly, Plaintiff filed her Complaint on July 5, 2011, alleging a products liability claim based on an incident that occurred on July 5, 2009. See Pl.'s Compl., dkt. no. 1. Summons were issued for both Defendants on July 5, 2011. See dkt. no. 2. However, Plaintiff never served the named Defendants. In response to Plaintiff's "lack of prosecution", the Court issued a Notice of Call for Dismissal on November 2, 2011. See dkt. no. 3. In the absence of any response from Plaintiff, Judge Sheridan dismissed the Complaint without prejudice on November 22, 2011. See dkt. no. 4. Almost two years later, on October 25, 2013, Plaintiff filed a Motion to Reinstate the Complaint. See dkt. no. 5.

## II. LEGAL STANDARD

FED. R. CIV. P. 60(b) governs petitions to reinstate an action. The Rule provides that the court may relieve a party from an order due to "mistake, inadvertence, surprise or excusable neglect" or "any other reason that justifies relief." In determining excusable neglect, the Third Circuit has emphasized that a court must consider the "(1) prejudice to the adverse party; (2) length of the delay and its potential impact on the judicial proceeding; (3) reason for the delay, including whether it was within reasonable control of the movant; and (4) whether the movant acted in good faith." See Murray v. Walgreen Co., 470 F. App'x 97, 98 (3d Cir. 2012). It is well settled that the determination of a Rule 60(b) Motion is within the sound discretion of the Court. Brown v. Phila. House Auth., 350 F.3d 338, 342 (3d Cir. 2003).

## III. DISCUSSION

After reviewing the parties' submissions, the Court finds that Plaintiff has not demonstrated justifiable grounds to vacate the Order of Dismissal. Plaintiff argues that it was Defendants' delay in responding to the Complaint that triggered the Order of Dismissal. See Certification of Edward Harrington Heyburn, Esq., "Heyburn Cert." at ¶ 5, dkt. no. 5. The Court disagrees. A review of the docket indicates that it was Plaintiff's inaction that prompted dismissal of the Complaint. First, Plaintiff failed to serve the named Defendants, and this failure led the Court to issue a Notice of Call for Dismissal for "lack of prosecution." See dkt. no. 3. Second, Plaintiff failed to take any action in response to the Court's Notice of Call for Dismissal, dated November 2, 2011. See dkt. no. 3. This neglect ultimately led to the Court's dismissal of the matter. See dkt. no. 4. Third, Plaintiff inexplicably waited almost two additional years to file her Motion to Reinstate the Complaint. See dkt. no. 5.

In support of her Motion, Plaintiff asserts that she sent copies of her Complaint to Defendants, by mail, prior to the entry of the Order of Dismissal. However, noting that such a mailing likely does not constitute proper service, the Court has received no evidence to support this assertion. Further, Plaintiff asserts that she effected service in Defendants on October 23, 2013. Leaving aside questions as to the efficacy of "service", Plaintiff offers no excuse for the extraordinary delay in delivering copies of her Complaint to Defendants.

Based on the record presented, the Court cannot conclude that Plaintiff's actions constitute "excusable neglect" or that any other grounds exist to vacate the Order of Dismissal.

### IV. CONCLUSION

The Court having considered the papers submitted and the opposition thereto, and for the reasons set forth above;

**IT IS** on this 4th day of December, 2013,

**ORDERED** that Plaintiff's Motion to Reinstate the Claim [dkt. entry. no. 5] is **DENIED** as set forth above.

*s/ Douglas E. Arpert*
**DOUGLAS E. ARPERT**
**UNITED STATES MAGISTRATE JUDGE**